IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | : |
| Plaintiff, | : |
| v. | : Civ. No. 20-1563-CFC |
| | : Family Court of the State of |
| LERON B. WILLIAMS, | : Delaware in and for Sussex County |
| | : Case No. 20-09-013402 |
| Defendant. | : |

Leron B. Williams, Seaford, Delaware, Pro Se Defendant.

## MEMORANDUM OPINION

July 13, 2021
Wilmington, Delaware

[signature] CONNOLLY, U.S. District Judge:

I. INTRODUCTION

Defendant Leron B. Williams ("Williams") improperly filed this action as a combined notice of removal of a criminal matter under 28 U.S.C. § 1343 and § 1443(1) and a civil rights claim under 42 U.S.C. § 1983.[1] (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b).

II. BACKGROUND

A warrant issued by the Justice of the Peace Court in and for Sussex County, Delaware for Plaintiff and was executed on September 26, 2020. (D.I. 2-1 at 4) Plaintiff was charged with offensive touching, and on September 26, the Justice of the Peace Court entered a bail order, no contact order, and pretrial conditions, Case No. 20-09-013402. (D.I. 2-1 at 8-9) Plaintiff's arraignment in Family Court of the State of Delaware in and for Sussex County, Case No. 20-09-013402, was scheduled for November 16, 2020. (D.I. 2-1 at 1)

Defendant raises a claim under 42 U.S.C. § 1983 that he is illegally deprived of equal access to the Family Court. (D.I. 2 at 2) He explains that he called 911, he was the sole victim, and now he is unlawfully understood to be the defendant in the state court proceeding. (*Id.*) He alleges an unconstitutional misuse of process. (*Id.*) Defendant asserted a self-defense under 11 Del. C. § 464. (D.I. 2 at 2) Defendant

---

[1] As pled Williams is both a plaintiff and a defendant. He is a plaintiff because he raised a 42 U.S.C. § 1983 claim and he is a defendant because he removed his State criminal case to this Court.

1

removed the matter on November 20, 2020. (D.I. 2) He states that he cannot get a fair impartial trial in the Sussex County Family Court of Delaware. (D.I. 2 at 1)

III. REMOVAL

A. Legal Standards

In order for a case to be removable to the district court, the Court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

B. Discussion

Removal of state criminal matters is permitted in limited instances under 28 U.S.C. § 1443. Pursuant to § 1443(1), a criminal prosecution commenced in a State court may be removed to the district court of the United States for the district and division embracing the place wherein it is pending against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. 28 U.S.C. 1443(1). A state court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state."

*Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel,* 384 at 792 (quoting 28 U.S.C. § 1443(a)). Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted).

Defendant alleges in a conclusory manner that he cannot get a fair and impartial trial and that he is denied equal access to Family Court. There are no assertions that provide a basis for this Court's proposed exercise of subject matter jurisdiction. Nor are there allegations that Defendant cannot enforce his asserted rights in state court. *In re Weddington*, 2008 WL 686381 (E.D. Pa. Mar. 12, 2008); *see also State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). The notice of removal simply does not lead to the conclusion that Defendant cannot enforce any asserted rights in state court. Moreover, it is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson,* 421 U.S. at 219-20. For the above reasons, the Court will summarily remand this criminal matter.

IV.   **CIVIL RIGHTS ACTION**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir.

3

2013); see also 28 U.S.C. § 1915(e)(2) (*in forma pauperis actions*). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

In the § 1983 action, Williams names the State of Delaware as a defendant. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 2007). Accordingly, the Court will dismiss the § 1983 claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) as the State of Delaware, the sole defendant, is immune from suit.

## V.  CONCLUSION

For the above reasons the Court will: (1) summarily remand this matter to the Family Court of the State of Delaware in and for Sussex County (*State v. Williams*, Case No. 20-09-013402) and, in the alternative, to the Justice of the Peace Court

4

(*State v. Williams*, Case No. 20-09-013402); and (2) dismiss the combined civil rights Complaint based upon Defendant's immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). The Court finds amendment futile.

An appropriate order will be entered.